UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRYAN JOSEPH GUILLOTTE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1850** |
| **LAFOURCHE PARISH, ET AL.** | **SECTION "T"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.   **Factual Background**

Plaintiff Brian Joseph Guillotte ("Guillotte") was a pretrial detainee housed in the Lafourche Parish Correctional Complex ("LPCC") in Thibodaux, Louisiana at the time of the filing of this *pro se* and *in forma pauperis* civil action under 42 U.S.C. § 1983. ECF No. 1, at 3, ¶ III(A). He has since been released. ECF No. 4. Guillotte named as defendants Lafourche Parish, the State of Louisiana, and Lafourche Parish Sheriff Craig Webre. *Id*. at 4,¶III(B)-(D).

Guillotte alleges that, at the time of filing, he was being held without the state court having provided him with a viable court date related to his criminal charges in the 17th Judicial District Court for the State of Louisiana. *Id*. at 4, ¶IV. Guillotte thought he had court dates in September of 2021, but was told by officials that it would be a long time before court dates would be reset. He asserts that the inmates are suffering because the State of Louisiana had no disaster program, which left the jail filled with inmates who probably should be let out. *Id*. at 4-5. Guillotte claims

that he believes the Sheriff was not concerned that he was holding inmates without court dates so he could make money. *Id*. at 5. Guillotte also asserts that court dates could be done by satellite without taking inmates to court, yet nothing was being done.

As relief, he seeks access to the courts for a court date and a program established for emergencies so that inmates will not be held without court dates just because of disasters. *Id*. at 6, ¶V. He also seeks $100,000 for negligence and violation of his right to go to court and reimbursement of his filing fee.

**II.**     **Standards of Review for Frivolousness Review**

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must

determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.  Discussion

#### A.  Claims against State of Louisiana

Guillotte has named the State of Louisiana as a defendant as "overseer of state operations" at the 17th Judicial District Court for Lafourche Parish, Louisiana. He does not, however, allege how the State of Louisiana was involved in his arrest, his detention in LPCC, or the scheduling of court dates in the state court in Lafourche Parish.

Nevertheless, the State and its agencies enjoy Eleventh Amendment immunity from suit for monetary damages. *Pennhurst State School v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F .2d 183, 185–86 (5th Cir. 1986). It is a fundamental premise of law under the Eleventh Amendment that "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's consent." *Rodriguez v. Tex. Commn. on the Arts*, 199 F.3d 279, 280 (5th Cir. 2000) (addressing U.S. CONST. amend. XI). "This rule extends to 'arms of the state,' and to a state's 'officials acting in their official capacities.'" *Med. RX/Sys., P.L.L.C. v. Tex. Dept. of St. Health Servs.*, 633 F. App'x 607, 610 (5th Cir. 2016) (citing *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Mich. Dept. of St. Police*, 491 U.S. 58, 71, (1989)). The United States Fifth Circuit Court of Appeals has explained:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La. Rev. Stat. Ann. § 13:5106(A).

3

> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

*Cozzo v. Tangipahoa Parish Council-President Govt.*, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted); *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999); *McGuire v. Lafourche Parish Work-Release Facility*, No. 09-6755, 2009 WL 4891914, at *3-4 (E.D. La. Dec. 4, 2009). Thus, while a State may expressly waive this Eleventh Amendment sovereign immunity, Louisiana has by statute declined to do so. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. Dept. of Highways*, 780 F.2d 268, 1271-73 (5th Cir. 1986).

As for the 17th Judicial District Court itself, it has long been recognized that "state courts are not considered 'persons' within the meaning of § 1983." *Moity v. La. St. Bar Assoc.*, 414 F. Supp. 180, 182 (E.D. La.), *aff'd*, 537 F.2d 1141 (5th Cir. 1976); *Dunn v. Louisiana*, No. 10-4519, 2011 WL 446651, at *3 (E.D. La. Jan. 20, 2011), *report and recommendation adopted*, 2011 WL 445684, at *1 (E.D. La. Feb. 3, 2011); *Thompson v. St. Bernard Par. Ct.*, No. 09-4465, 2010 WL 110797, at *3 (E.D. La. Jan. 11, 2010); *Stewart v. Crim. Dist. Ct. of Louisiana*, No. 08-3731, 2008 WL 4758610, at *2 (E.D. La. Oct. 30, 2008); *Knight v. Guste*, No. 07-1124, 2007 WL 1248039, at *3 (E.D. La. Apr. 27, 2007). The 17th Judicial District Court also is not an entity with juridical capacity, *i.e.* a suable entity, under Louisiana law and is not a proper defendant under Fed. R. Civ. Proc. 17(b)(2). *See Griffith v. Louisiana*, 808 F. Supp. 2d 926, 934 (E.D. La. 2011) ("[A] Louisiana state court does not qualify as a juridical person and thus lacks the capacity to be sued."); *Durden v. Bryson*, No. 17-214, 2017 WL 4855437, at *2 (W.D. La. Sep. 26, 2017), *report and*

4

*recommendation adopted by* 2017 WL 4847783, at *1 (W.D. La. Oct. 25, 2017); *Chisom v. Edwards*, No. 86-4075, 2012 WL 13005340, at *7-9 (E.D. La. Aug. 6, 2012); *Swift v. Juvenile Court*, No. 2009-1182, 2010 WL 786031 (La. App. 3d Cir. Mar. 10, 2010) (finding "that the law does not grant a juvenile court the procedural capacity to sue or be sued.").

Even if the court could be sued, claims against the court, as a division or agency of the State, would be barred by the Eleventh Amendment for the reasons addressed above. *See, e.g., Dunn*, 2011 WL 446651, at *3; *Wilkerson v. 17th Jud. Dist. Ct.*, No. 08-1196, 2009 WL 249737, at *3-4 (E.D. La. Jan. 30, 2009); *Rackley v. Louisiana*, No. 07-504, 2007 WL 1792524, at *3 (E.D. La. Jun. 21, 2007); *see also Jefferson v. La. St. Sup. Ct.*, No. 01-31275, 2002 WL 1973897 (5th Cir. Aug. 9, 2002) ("The Eleventh Amendment clearly bars Jefferson's § 1983 claims against the Louisiana Supreme Court, which is a branch of Louisiana's state government.") (citing *Southern Christian Leadership Conference v. Sup. Ct. of State of La.*, 252 F.3d 781, 783 n.2 (5th Cir. 2001)).

For these reasons, this Court is without jurisdiction over Guillotte's claims for monetary relief against the State of Louisiana or its courts.[1]  His claims against the State of Louisiana should be dismissed pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous, for failure to state a claim for which relief can be granted, and because his claims seek relief against an immune defendant.

B.     **Claims Against Lafourche Parish**

Guillotte also seeks to hold Lafourche Parish liable under 42 U.S.C. § 1983 as "overseer of operations" at LPCC.  However, "municipalities cannot be held liable for constitutional torts under § 1983 'on a respondeat superior theory[.]'" *Burge v. Parish of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999) (quoting *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 611, 691

---

[1] *See Warnock v. Pecos County, Tx.*, 88 F.3d 341, 343 (5th Cir. 1996).

(1978)). "There is no vicarious municipal liability under § 1983; rather, plaintiffs 'must prove that "action pursuant to official municipal policy" caused their injury.'" *Three Legged Monkey, L.P. v. City of El Paso, Tex.*, 652 F. App'x 236, 239 (5th Cir. 2016) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell*, 436 U.S. at 691)); *Burge*, 187 F.3d at 470 (quoting *Monell*, 436 U.S. at 691); *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quoting *Monell*, 436 U.S. at 694). To assert liability under *Monell*, a plaintiff must allege "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

Guillotte has not alleged or identified any parish policy that caused him harm or led to his incarceration without a preferred date in the state court. The Parish government cannot be held vicariously liable without a specific parish policy having caused plaintiff a constitutional harm.

Furthermore, Lafourche Parish and its government is not the "overseer" of the day-to-day administration at LPCC. In Louisiana, the Parish government has *no* authority over the general or daily management of the jail. *Jones*, 4 F. Supp. 2d at 613. Instead, under Louisiana law, the Parish government is only responsible for the financing and physical maintenance of the jail building.[2] With regard to the medical care provider, the Parish government's "sole responsibility shall be . . . its contractual obligations with [the] health care provider," and *not* how the medical care is administered. La. Stat. Ann. § 15:703(D); *accord Belcher v. Lopinto*, No. 18-7368, 2020 WL

---

[2] *See* La. Stat. Ann. § 15:304 ("All expenses incurred in the different parishes of the state or in the city of New Orleans by . . . confinement . . . of persons accused or convicted of crimes . . . shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be."); La. Stat. Ann. § 15:702 ("The governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons."); La. Stat. Ann. § 33:4715 ("The police jury of each parish shall provide . . . a good and sufficient jail . . ."); *see also* La. Stat. Ann. § 15:703 (re contracts with medical care providers for parish jails).

5891583, at 5 (E.D. La. Oct. 5, 2020) (Under Louisiana law, a parish government is not policy maker for the prison and had no duty to monitor or verify the performance of medical services it contracted with for the jail).

Guillotte has failed to state a non-frivolous claim against Lafourche Parish. His claims against the Parish should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e as frivolous and for failure to state a claim.

### C. Claims Against Sheriff Webre

Guillotte named Sheriff Webre as a defendant in his role as head of the LPCC. However, an individual defendant can only be liable under § 1983 if he was "personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980). Without an allegation of personal involvement, a supervisory official, like a sheriff, cannot be held liable pursuant to § 1983 simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability."). A plaintiff must instead establish that he suffered a constitutional violation or physical injury directly resulting from an order, policy, or directive implemented by the sheriff to create a vicarious liability under § 1983. *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988).

Guillotte, in this case, has included no allegations that Sheriff Webre was personally involved in his arrest or the setting of court dates by the state court judicial officers. Guillotte

7

merely seeks to hold the Sheriff responsible for the state courts' failure to provide timely hearing dates in the wake of a "disaster."³  However, he has not alleged that he has suffered any constitutional injury as the result of any order, training, or other policy implemented by the Sheriff himself to state a claim under § 1983.  *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988). There is no basis here for a supervisory liability claims against the Sheriff under § 1983.

Guillotte simply has not alleged a personal action or connection that would render Sheriff Webre liable under § 1983 or liable for the actions or inactions of the judicial officers at the 17th Judicial District Court, subordinates or medical staff at the jail.  Thus, Guillotte's claims against Sheriff Webre personally or as a supervisory official at LPCC are frivolous and otherwise fail to state a claim for which relief can be granted under 28 U.S.C. § 1915 and § 1915A and 42 U.S.C. § 1997e.

### D.    References to Habeas Corpus and Mandamus on the Complaint

Guillotte added the handwritten notations "Writ of Habeas Corpus" and "Writ of Mandamus" at the top of the first page of his complaint. ECF No. 1, at 1.  However, to the extent that he is requesting those forms of relief, they are unavailable in this § 1983 action.

As an initial matter, the request for habeas relief has not been properly sought where Guillotte has made "no showing of having exhausted available state-court remedies, and his release from custody is not an available remedy under § 1983." *Smith*, 2021 WL 4975698, at *3; accord *Lerille*, 2021 WL 4975754, at *3.  More importantly, the Fifth Circuit has held that because habeas

---

³ Guillotte did not identify the "disaster" to which he referred.

corpus "does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement," habeas relief "is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Rice v. Gonzales*, 985 F.3d 1069, 1070 (5th Cir. 2021) (emphasis added; quotation marks omitted), *cert. denied*, 142 S. Ct. 216 (2021). Guillotte here is not challenging the underlying cause for his detention. Even if he intended to do so, he would have to pursue his relief through a properly filed habeas corpus petition, not under § 1983.

Similarly, mandamus relief under § 1983 would likewise be inappropriate against any of the named defendants for the following reasons. First, the federal mandamus statute, 28 U.S.C. § 1361, applies only to officers, employees, and agencies of the federal government. The statute, therefore, clearly does not allow a federal court to grant a writ of mandamus directed to state or parish officials. *See, e.g., Sockey v. Gray*, 159 F. App'x 821, 822 (10th Cir. 2005) ("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials."); *Shirley v. Starkey*, No. 10cv364, 2010 WL 3781806, at *1 (E.D. Tex. Aug. 25, 2010) ("The federal district courts do not have jurisdiction to issue the writ against a state or county actor or agency."), *report and recommendation adopted by* 2010 WL 3781799 (E.D. Tex. Sept. 20, 2010), *aff'd*, 427 F. App'x 305 (5th Cir. 2011).

Second, although a federal court may grant a writ of mandamus directed to federal authorities, there are still limitations on that authority. For example, "[m]andamus is only appropriate when the duty is so plainly prescribed as to be free from doubt; thus, mandamus is not available to review discretionary acts of agency officials." *Wolcott v. Sibelius*, 635 F.3d 757, 768 (5th Cir. 2011) (emphasis added; quotation marks omitted). Thus, "[m]andamus is not available

9

to review the discretionary acts of the CDC and FEMA respecting the pandemic." *Smith*, 2021 WL 4975698, at *3; *accord Lerille*, 2021 WL 4975754, at *3.

For those reasons, neither habeas corpus relief nor mandamus relief against these defendants would be appropriate in this context. *See Smith*, 2021 WL 4975698, at *3; *Lerille*, 2021 WL 4975754, at *3. Guillotte again has asserted a request for relief that cannot be granted and should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A.

### E. State Law Tort Claims

Guillotte alleges that the defendants have acted negligently in the handling of his detention and setting of court dates. He seeks monetary relief related to their negligence and gross negligence. As noted above, claims based on negligent and tortious acts are not sufficient to state a § 1983 claim. To the extent Guillotte intended to assert these tort claims under state law, they involve purely state law questions that are best and ordinarily left to the state courts to decide.

For the reasons given above, Guillotte's § 1983 claims should be dismissed, and no possible basis for federal subject matter jurisdiction is otherwise reflected from the face of this complaint; therefore, the Court has discretion either to decline or exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3). Considering the provisions of § 1367(c) and balancing the relevant factors of judicial economy, convenience, fairness and comity,[4] the Court should decline to exercise jurisdiction over any state law tort or negligence claims and dismiss them without prejudice.

---

[4] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heggemeier v. Caldwell Cty., Tex.*, 826 F.3d 861, 872-73 (5th Cir. 2016); *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

IV. **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff Bryan Joseph Guillotte's 42 U.S.C. § 1983 claims against defendants Lafourche Parish, the State of Louisiana, and Sheriff Craig Webre be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e), § 1915A, and as applicable, 42 U.S.C. § 1997e, as frivolous and otherwise for failure to state a claim for which relief can be granted, and as to the State of Louisiana, for seeking relief from an immune defendant.

It is further **RECOMMENDED** that Guillotte's state law tort and negligence claims be **DISMISSED WITHOUT PREJUDICE** because the court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this   5th   day of April, 2022.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.